IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIL R.C.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION CENTER, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-08923-MWJS<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 055-830-186 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Ronil R.C.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. He has maintained lawful permanent resident status in the United States since August 28, 2004, and has continuously resided in the United States since then. *See Ronil R.C. v. Warden, Golden State Annex Det. Ctr.*, No. 1:26-cv-03612-MWJS, 2026 WL 1505926, at *1 (E.D. Cal. May 27, 2026). But because he has a criminal conviction, the government has held him in immigration custody since April 2026, while he undergoes removal proceedings. *Id.*

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner previously invoked the court's habeas jurisdiction, contending that his detention violated his rights under the Due Process Clause of the Fifth Amendment. *Id.* In response, the government argued that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). *Id.* That subsection states, in relevant part, that DHS "shall take into custody" any noncitizen who is deportable for having committed any offense covered in 8 U.S.C. § 1227(a)(2)(A)(iii)—that is, the charge of removability lodged against Petitioner. *See* 8 U.S.C. § 1226(c)(1)(B); Dkt. No. 8, at pg. 11.

On May 27, 2026, the court denied the petition without prejudice after concluding that, under even the most general possible standards, the record did not support Petitioner's due process claim. *Ronil R.C.*, 2026 WL 1505926, at *2. In reaching this conclusion, the court explained that Petitioner had been detained for less than two months, there was no evidence that the government had been the cause of any delay, nor was there any reason to fear future delay. *Id.*

On October 29, 2026, the court received the petition now under consideration. Dkt. No. 1. In his current petition, Petitioner again argues, among other things, that his detention violates his rights under the Due Process Clause of the Fifth Amendment. *Id.* at pgs. 12–13. Petitioner seeks either a bond hearing or his immediate release. *Id.* at pg. 14.

Petitioner does not dispute that he is subject to mandatory detention under 8 U.S.C. § 1226(c), *see id.*, and it does not appear that he could do so without first

exhausting his administrative remedies. *Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201 (E.D. Cal. Apr. 28, 2026) ("[W]hile Petitioner contends that his classification under [8 U.S.C. § 1226(c)] is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court."). Nevertheless, the court considers Petitioner's renewed due process claim. *Accord Solorzano-Ramirez v. Warden, California City Det. Facility*, No. 1:26-cv-2540 DC CSK, 2026 WL 1257256, at *2–4 (E.D. Cal. May 7, 2026).

As the court explained in resolving Petitioner's first petition, although the Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003), held that 8 U.S.C. § 1226(c) is facially constitutional, it left open the possibility of individualized constitutional challenges to prolonged detention under that statute. *See id.* at 526 (holding that the government may detain a noncitizen under 8 U.S.C. § 1226(c) for the "limited period necessary for their removal proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").[2]

---

[2] The Court in *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018), likewise declined to rule on the question of whether 8 U.S.C. § 1226(c)'s mandatory detention provisions might, in individualized circumstances, become unconstitutional as applied.

Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c). *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025). Under even the most general possible standards, the record in this case still does not support Petitioner's renewed due process claim.

Petitioner has now been in custody for a little more than seven months. Petitioner again offers no evidence, however, that the government has been the cause of any delay in his removal proceedings, or that his removal proceedings will not conclude in the reasonably near future. On this record, regardless of precisely what legal standards the court adopts, the court again concludes that Petitioner's constitutional claim cannot prevail at this time. *Accord Carlos A.C.J. v. Warden, Mesa Verde Det. Facility*, No. 1:26-cv-05216-MWJS, 2026 WL 2035436, at*2 (E.D. Cal. July 14, 2026) (denying without prejudice habeas petition filed by noncitizen who had been detained under 8 U.S.C. § 1226(c) for more than eight months); *Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.SC. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-cv-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-cv-00922-KES-

CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

Because Petitioner remains properly detained under 8 U.S.C. § 1226(c), his additional claim under the Administrative Procedure Act also fails. *See Martinez v. Warden of Adelanto ICE Processing Ctr.*, No. 5:26-cv-05682-MBK, 2026 WL 3152009, at *3 (C.D. Cal. Oct. 21, 2026); *see also Prior v. Andrews*, No. 1:25-cv-01131 JLT EPG, 2025 WL 2675569, at *6 n.5 (E.D. Cal. Sept. 18, 2025) (noting that noncitizen's detention under 8 U.S.C. § 1226(c) did not appear to reflect any final agency action). The petition, Dkt. No. 1, is therefore DISMISSED without prejudice. Petitioner's application for temporary restraining order, Dkt. No. 2, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: November 13, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge